

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-56,666-03

**EX PARTE DENNIS LEE ALLEN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W00-01305-R(B) IN THE 265TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Eighth Court of Appeals affirmed his conviction. *Allen v. State*, No. 08-00-00442-CR (Tex. App.—El Paso Jul. 11, 2002) (not designated for publication).

Applicant contends, among other things, that the State violated *Brady v. Maryland*[1] when it did not disclose alleged agreements with jailhouse informants despite the informants' testimonies at trial that they had no deals. The trial court and the State agree that Applicant is entitled to relief

---

[1] 373 U.S. 83 (1963).

under *Brady*.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide the trial prosecutor with the opportunity to respond to Applicant's *Brady* claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court determines he is not represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law addressing the response, if any, of the trial prosecutor. The trial court shall also make any other supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 4, 2015
Do not publish